UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES RAYMOND MCCLENDON,

                      Plaintiff,

          - against -

FREEPORT POLICE DEPARTMENT,
NASSAU UNIVERSITY MEDICAL CENTER,
and NASSAU CORRECTIONAL CENTER,

                      Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 17-2462 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Plaintiff Charles Raymond McClendon ("Plaintiff" or "McClendon") started this Section 1983 action by filing a *pro se* form complaint on April 14, 2017. The Complaint names as defendants the Freeport Police Department, Nassau University Medical Center ("NUMC") and the Nassau County Correctional Center ("NCCC") and asserts constitutional violations for deliberate indifference to a serious medical condition and an Eighth Amendment conditions of confinement claim. *See generally* Complaint ("Compl."). For the reasons which follow, this Court respectfully recommends to Judge Bianco that the case be dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon the Plaintiff's failure to prosecute his claims and his failure to comply with the Orders of this Court.

Defendant NUMC filed its Answer on June 16, 2017. DE 17. Defendant Freeport Police Department filed its Answer on June 21, 2017 [DE 19] and amended its Answer on July 5, 2017 [DE 21]. On July 11, 2017, in lieu of an Answer, defendant NCCC filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).[1] DE 22. For the sake of clarity, the Court notes that this

---

[1]     The Court points out that in Nassau County's motion papers, counsel states that the "Nassau Correctional Center" as referenced by the Pro Se Plaintiff is not a suable entity and that

motion was filed by the Nassau County Attorney's Office and was directed to the conditions of confinement claim. *Id*. Co-counsel for the County filed a separate motion two days later seeking to dismiss Plaintiff's claim for deliberate indifference to a serious medical condition, also pursuant to Fed. R. Civ. P. 12(b)(6). DE 23.

On July 14, 2017, this Court issued its customary Order to a *pro se* plaintiff who is incarcerated, directing that certain tasks be completed by the Plaintiff and opposing counsel, and setting deadlines for completion of those tasks. *See* July 14, 2017 Scheduling Order, DE 27. Specifically, Plaintiff McClendon was directed to "prepare a written narrative statement of the facts plaintiff currently anticipates presenting at trial through the testimony of witnesses or documentary evidence." *Id*. ¶ 1. The Court further directed the Plaintiff to "send a copy of this [written narrative] statement to counsel for defendants and file a copy with the Court…by **August 25, 2017**." *Id*. (emphasis in original). A deadline of September 22, 2017 was set for the Defendants to serve their written narrative statements in response. *Id*. ¶ 2. The Court also set the case down for an Initial Conference on October 4, 2017. *Id.* ¶ 3. In its electronic cover Order, the Court directed John Doody, Esq., co-counsel for Defendant NCCC to serve a copy of the Order on Pro Se Plaintiff McClendon forthwith and to file proof of such service on ECF. *See* DE 27. Counsel for NCCC filed an Affidavit of Service on July 14, 2017 stating that the July 14, 2017 Scheduling Order was served upon the Plaintiff on July 14, 2017 by first class mail,

---

the real party in interest is the County of Nassau. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss (Def.'s Mem.) [DE 22] at 4.

addressed as follows: "CHARLES McCLENDON (pro Se), 53 East Grove Street, Massapequa, NY 11578." DE 28.

In a letter dated July 14, 2017, counsel for NCCC notified the Court that he had inquired with the NCCC as to the Plaintiff's whereabouts and was informed that the facility did not have a record of the Plaintiff being there. DE 29. Counsel further explained that an inmate search was conducted on the Department of Corrections' on-line website which indicated that the Plaintiff was not confined to any New York State correctional facility. *Id*. Upon obtaining that information, counsel advised the Court that he intended to serve a copy of the Court's Scheduling Order at an alternate address which had previously been stated by the Plaintiff in his Complaint, namely, 53 E. Grove Street, Massapequa, New York 11578. *Id*. Counsel asked for guidance from the Court on (1) how to proceed with regard to future service and (2) how Defendants should be trying to comply with the Scheduling Order. *Id*. The Court's Law Clerk responded to counsel by letter dated July 19, 2017. DE 33. In that letter, counsel was advised that the *Pro Se* Office had received a letter from the Plaintiff dated July 13, 2017 which contained a return address at the NCCC. *Id*. The Court instructed counsel to try serving Plaintiff again at the NCCC. *Id*. The Court notes that subsequent mailings from the Plaintiff also reflect the return address as being the NCCC. *See* DE 39, 54. The subsequent Affidavit of Service filed by Defendant's counsel states as follows:

> That on the **19th day of July**, **2017**, I served a copy of **Scheduling Order dated July 14, 2017** along with **Notice of Electronic Filing** upon:
>
> **Via Certified Mail (RRR)**
> **CHARLES MCCLENDON** (Pro Se)
> Inmate # 17000640
> NASSAU COUNTY CORRECTIONAL CENTER

3

>       100 Carman Avenue
>       East Meadow, NY 11554
>
> the attorney(s) and representatives for the respective parties in this action
> at the above address(es) designated by said attorney(s) and representatives
> for that purpose by ***depositing same enclosed in a postpaid addressed
> overnight envelope, in an official depository under the exclusive care and
> custody of Federal Express***.

DE 34 (emphasis added)[2].

The Plaintiff submitted a response to the two motions to dismiss on August 10, 2017. *See* DE 37. Some two weeks later, the Court received a letter from the Plaintiff on August 23, 2017 requesting an extension of time to prepare his written narrative statement. *See* DE 39. The Plaintiff explained that he had been unable to complete his statement due to the NCCC's "lack of reference material" and "very limited resources." *Id*. Plaintiff further stated that the copy machine at the NCC was "down," which purportedly was a common occurrence. *Id*. In light of these "obstacles," Plaintiff requested a 90-day extension of the time within which to submit his narrative statement. *Id*. The Court granted the request in an August 25, 2017 Electronic Order and extended the deadline to November 23, 2017. *See* August 25, 2017 Electronic Order. The Court cautioned, however, that it would not extend the deadline further in light of the length of the extension granted. *Id*. Counsel for the NCCC sent a copy of the Court's August 25, 2017 Order to the Plaintiff in exactly the same manner identified in the July 19, 2017 Affidavit of

---

[2]    Although NCCC's counsel did not file the return receipt on ECF, the Court points out that Plaintiff requested an extension of the deadline to submit his written narrative statement which was set forth in that Order and of which Plaintiff would not have otherwise been aware if he had not received the Order. DE 39.

4

Service noted above.³  *See* DE 42.  The Court also extended the time for Defendants to respond to the Plaintiff's narrative statement and put the Initial Conference over to January 5, 2018.  *See* August 30, 2017 Electronic Order.  Counsel for NCCC was directed to serve Plaintiff with a copy of the Court's August 30, 2017 Order at the NCCC and to file proof of such service on ECF, which he did.  DE 48.

On September 18, 2017, Defendant NUMC filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).  DE 46.  To date, Plaintiff has never filed any opposition or responded in any way to that motion.

Defendant NCCC filed its Written Narrative Statement on September 22, 2017, along with an Affidavit of Service attesting to the fact that NCCC's Written Narrative Statement had been served on the *Pro Se* Plaintiff and all other parties on September 22, 2017.  DE 49 and 49-1.  This submission was well before the deadline set by the Court.  Based on that fact, the Court issued an Order on October 13, 2017, acknowledging receipt of NCCC's Written Narrative Statement but also drawing counsel's attention to the August 30, 2017 Electronic Order extending the deadline for such submission to December 21, 2107 – based on the Court's having granted Plaintiff an extension of his deadline to file his narrative statement to November 23, 2017.  *See* October 13, 2017 Electronic Order.  The Court did not receive any response to the November 23, 2017 Order.

---

³  Once again, Defendant NCCC's counsel did not file the return receipt or Federal Express receipt on ECF.  However, in a subsequent filing with the Court, the Plaintiff thanked the Court for the 90-day extension of time granted in its August 25, 2017 Order and requested a further extension of time.  *See* DE 54.  It is apparent, then, that Plaintiff received a copy of the August 25, 2017 Order.

On October 18, 2017, Judge Bianco referred the defendants' respective motions to dismiss [DE 22, 23, 46] to this Court for a Report and Recommendation as to whether the motions should be granted.  DE 53.  Shortly thereafter, on October 30, 2017, the Court received a second letter from the *Pro Se* Plaintiff seeking yet another extension of time to complete his narrative statement.  DE 54.  The Plaintiff explained:

> Dear Magistrate Tomlinson,
>
> Thank you for the 90-day extension.  I am writing in request for another extension to submit my narrative statement.  Things didn't go as planned.  I was supposed to get released on September 26th, 2017, but as you can see that didn't happen.  So I am asking that the judge have mercy because it is impossible for me to gather the information that you are requesting while incarcerated.  I should be getting released sometime in November.
>
> Thank you, please consider

DE 54.  Counsel for NCCC opposed that motion, arguing that no reasonable excuse had been offered and noting that "Plaintiff has been afforded every accommodation sought, including proceeding in forma pauperis, [and] an extension of time to file a written narrative. . ."  DE 55.  Counsel went on to state that "[a]ny further accommodation offered to *Pro se* Plaintiff is unwarranted and unsupported [by] law or logic and will cause further prejudice to County defendants."  *Id.*

Although noting Plaintiff's "sparse explanation" as to the necessity of the extension, the Court nonetheless granted the application over the objections of the Defendants in an Order dated November 6, 2017.  *See* DE 56.  In doing so, the Court cautioned the Plaintiff as follows:

> With great reluctance, the Court is giving the *pro se* plaintiff **ONE FINAL OPPORTUNITY TO FILE HIS NARRATIVE STATEMENT**, notwithstanding defendants' objections. However, the Court will not extend the deadline 60 more days. The revised

6

>    deadline is December 29, 2017. **<u>Under no circumstances will the Court further extend this date. PLAINTIFF IS ON NOTICE THAT IF HE FAILS TO SUBMIT HIS WRITTEN NARRATIVE STATEMENT BY DECEMBER 29, 2017, THE COURT WILL RECOMMEND TO JUDGE BIANCO THAT THIS CASE BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE ORDERS OF THIS COURT</u>**. Just like any other case brought by an incarcerated plaintiff, plaintiff's continued incarceration does not absolve him from complying with the Court's Orders.

*Id*. at 1-2 (emphasis in original). In addition to extending Plaintiff's deadline, the Court likewise adjourned the Initial Conference and extended the Defendants' deadline to serve their respective responses to the Plaintiff's narrative statement:

>    The telephone conference currently scheduled for January 5, 2018 is adjourned to February 9, 2018 at 2 p.m. Attorney Doody is directed to initiate the call to Chambers (631-712-5760) using an outside operator. If plaintiff is still incarcerated, defendants' counsel, Attorney Doody, must make appropriate arrangements with the correctional center officials in advance for the call. ***Plaintiff is required to keep the Court and opposing counsel informed promptly of his address and telephone number if he is released from custody prior to February 9, 2018***.

Id. at 2 (emphasis added). Counsel for the NCCC Defendants filed an affidavit of service of the Court's November 6, 2017 upon the Plaintiff on that same day. DE 57. The Court also sent a copy of the Order to the Plaintiff by first-class mail. *See* Electronic Entry of November 6, 2017.

On December 5, 2017, NUMC's counsel filed a letter pointing out that no opposition had been filed to its motion to dismiss and asking the Court to consider the motion unopposed. DE 59. Between January 12, 2018 and January 17, 2018, each defendant in this case submitted a letter motion pointing out that Plaintiff had not filed his Narrative Statement by the final deadline of December 29, 2017 set by the Court and asking that the Court make the recommendation to

7

Judge Bianco as contained in the Court's November 6, 2017 Order to dismiss for failure to prosecute. *See* DE 60, 61, 62, 63.  The docket shows that two of the three confirmations of service reflect service on the Plaintiff at the NCCC.  The affidavit of service for the motion filed by counsel for NCCC, however, shows that the motion was served on Plaintiff at both NCCC **and** at 55 Madison Avenue, Roosevelt, New York. *See* DE 60-1.  Upon inquiry to the Inmate Records Department at the NCCC, Chambers' staff were advised that Plaintiff had been released and provided a forwarding address of 55 Madison Avenue, Roosevelt, New York.  The docket was updated accordingly.  However, Plaintiff never notified the Clerk's Office, nor the *Pro Se* Office, nor Chambers of his release, nor did he make any attempt to update his contact information with the Court.

Based on the pending motions to dismiss, the Court adjourned the scheduled February 9, 2018 conference and directed counsel for NCCC to serve a copy of the Electronic Order upon the Plaintiff forthwith. *See* Electronic Order of February 9, 2018.  Counsel filed the Affidavit of Service the next day, showing that service had been made to the Plaintiff at the 55 Madison Avenue address in Roosevelt.  DE 64.  Still, no response has been forthcoming from the Plaintiff.

In all, the Court granted the Plaintiff two lengthy extensions of time — amounting to an additional 127 days — to file his written narrative statement.  With the final extension, the Court explicitly warned Plaintiff that if he failed to file his narrative statement by December 29, 2017, "**THE COURT WILL RECOMMEND TO JUDGE BIANCO THAT THIS CASE BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE ORDERS OF THIS COURT**."  DE 56.  The Plaintiff's non-compliance goes beyond his failure to complete his narrative statement.  Notwithstanding his apparent release from the

8

NCCC, Plaintiff failed to notify the Court of this fact and failed to otherwise update his contact information with the Court. "Parties have an obligation to notify the Court of any change of address[,]" – a well-settled rule that "applies to both represented parties as well as *pro se* litigants." *Kalamaras v. Sposato*, No. 16-CV-459, 2017 WL 6459567, at *1 (E.D.N.Y. Nov. 3, 2017) (citing *Rossman v. Suffolk Times*, No. 13-CV-3142, 2013 WL 4065020, at *1 (E.D.N.Y. Aug. 12, 2013)), *report and recommendation adopted*, 2017 WL 6493229 (E.D.N.Y. Dec. 14, 2017). Plaintiff was clearly advised of this obligation. At the commencement of this case, the *pro se* office sent the plaintiff a letter explaining, in relevant part, the following:

> It is your duty to prosecute your case and to keep this office informed of a current mailing address. <u>All address changes must be submitted in writing</u>. Failure to provide a current mailing address may result in your case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

April 25, 2017 Letter to Plaintiff from *Pro se* Office [DE 4] (emphasis in original). Moreover, the Court in its November 6, 2017 Order specifically directed the Plaintiff "to keep the Court and opposing counsel informed promptly of his address and telephone number if he is released from custody." DE 56.

In light of these circumstances, the Court has no alternative but to recommend to Judge Bianco that the Defendants' motions to dismiss for failure to prosecute [DE 60, 61, 62, 63] be GRANTED and that Plaintiff's case be DISMISSED based on his failure to comply with this Court's Orders as well as the failure to prosecute his claims. *See* Fed. R. Civ. P. 41(b). Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995); *Minzer v. Shawarma Ave. Brooklyn, Inc.*, No. 17-CV-3763, 2018 WL 389088, at *2 (E.D.N.Y. Jan.

9

12, 2018) ("Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order....'"). It is well-settled that "'such dismissals may be made *sua sponte*' by the district court." *See e.g.*, *Minzer*, 2018 WL 389088, at *2 (quoting *Storey v. O'Brien*, 482 Fed. Appx. 647, 648 (2d Cir. 2012)); *Adams v. City of New York*, No. 15-CV-5144, 2018 WL 735514, at *1 (E.D.N.Y. Jan. 11, 2018) (quoting *Smalls v. Port Authority of New York and New Jersey*, No. 03-CV-7270, 2005 WL 195088 (2d Cir. Jan. 28, 2005)), *report and recommendation adopted sub nom. Adams v. City of New York*, 2018 WL 740990 (E.D.N.Y. Feb. 6, 2018). The Court further recommends that the Defendants' earlier motions to dismiss on the merits [DE 22, 23, 46] be DENIED as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF, **except in the case of a party proceeding *pro se*. *Pro se* Plaintiff Charles McClendon shall file any objections in writing with the Clerk of the Court within the prescribed time period noted above. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joseph F. Bianco, and to my Chambers as well. Any requests for an extension of time for filing objections must be directed to Judge Bianco prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).**

**Counsel for NCCC is directed to serve a copy of this Report and Recommendation forthwith upon the Pro Se Plaintiff by overnight mail and first-class mail at the 55 Madison Avenue, Roosevelt, New York address and to file proof of such service promptly on ECF.**

The Court is also sending a copy of this Report and Recommendation by first-class mail to the *Pro Se* Plaintiff at 55 Madison Avenue, Roosevelt, New York 11575.

**SO ORDERED.**

Dated: Central Islip, New York
March 2, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge