UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES RAYMOND MCCLENDON,

       Plaintiff,

  -against-

FREEPORT POLICE DEPARTMENT,
NASSAU UNIVERSITY MEDICAL CENTER,
NASSAU CORRECTIONAL CENTER,

       Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 30 2018 ★
LONG ISLAND OFFICE

ORDER
17-CV-2462 (JFB) (AKT)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R", ECF No. 65) from Magistrate Judge Tomlinson recommending that the Court grant defendants' motions to dismiss for failure to prosecute (ECF Nos. 60-63); that the instant case accordingly be dismissed based on plaintiff's failure to prosecute his claims as well as his failure to comply with the Court's orders; and that defendants' motions to dismiss on the merits (ECF Nos. 22-23, 46) be terminated as moot.[1] Magistrate Judge Tomlinson's R&R sets forth a detailed description of the history of this case, including plaintiff's repeated failures to prosecute his claims and to comply with Court orders. The Court assumes familiarity with that history, and will not repeat it here. For the reasons explained below, the Court adopts the R&R in its entirety.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345

---

[1] The R&R, issued on March 4, 2018, directed plaintiff to file any objections within fourteen days of service of the same, and instructed counsel to Nassau County Correctional Center ("NCCC") to serve plaintiff forthwith by overnight and first-class mail. However, counsel for NCCC did not serve defendant until March 20, 2018. (ECF Nos. 66-67.) On March 22, 2018, Magistrate Judge Tomlinson ordered plaintiff to notify the Court by March 30, 2018 if he intended to file objections to the R&R, (ECF No. 68), and notified plaintiff that if he did not submit a notice to the Court, the Court would treat the R&R as unopposed. In any event, as noted *infra*, the Court has conducted its own analysis (independent of the R&R), and grants the motions to dismiss for failure to prosecute directly.

(S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a well settled concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives . . . ." *Yulle v. Barkley*, No. 9:05-CV-0802 (LEK/DEP), 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007). A district court contemplating dismissal of a plaintiff's claims for failure to prosecute and/or to comply with court orders pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458, 461 ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge ... [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements." (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981))).

Additionally, "the duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Alomar v. Recard*, No. 07-CV-5654 (CS) (PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, No. 91-CV-6777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); *see also English v. Azcazubi*, 13-CV-5074 (RRM) (LB), 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); *Thornton v. Moroney*, No. 13 Civ. 8912 (ER), 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (*pro se* litigants have a "duty to diligently pursue [their] case and to inform th[e] Court ... of any change of address."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b), for failure to prosecute." *Mercedes v. N.Y. Dep't of Corrections*, No. 12 Civ. 2293 (LTS) (DF), 2013 WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013); *see also Thornton*, 2014 WL 2805236, at *2.

3

The above-referenced factors favor dismissal here. As explained in detail in the R&R, more than six months have passed since Magistrate Judge Tomlinson issued the Initial Discovery Order in this case. That Order instructed plaintiff to submit his written narrative statement by August 25, 2017. (ECF No. 27.) Magistrate Judge Tomlinson has since granted plaintiff two extensions of time, totaling an additional 127 days, to submit his narrative statement. The second extension was granted over defendants' objections, and expressly warned plaintiff that a failure to comply would result in Magistrate Judge Tomlinson recommending to the Court that plaintiff's case be dismissed for failure to prosecute. Plaintiff's time to submit his narrative statement has since passed, and to date plaintiff has not submitted it. Moreover, despite express orders from the Court to notify the Court of any change to his address, plaintiff did not—and has not—notified the Court that he was released from prison or provided a current address.[2] Finally, plaintiff has failed to respond to Nassau University Medical Center's September 18, 2017 motion to dismiss. Nor has he responded to any of defendants' motions to dismiss for failure to prosecute.

Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendants of keeping these actions open. Moreover, the Court must avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo* (and conducted its own independent analysis in this Order), the Court adopts the findings and recommendations contained in the R&R in their entirety and dismisses the complaint under Rule 41(b) for failure to prosecute.[3] The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: March 30, 2018
Central Islip, New York

Joseph F. Bianco
United States District Judge

---

[2] As explained in the R&R, upon inquiry to the Inmate Records Department at the NCCC, the Court was notified that plaintiff had been released and provided a forwarding address.

[3] In light of this Order, defendants' earlier motions to dismiss on the merits are denied as moot.